Filed 2/15/23  P. v. Ting CA2/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B311125 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA253204) |
| v. | |
| SUNNY HSIAO SHIN TING, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge. Reversed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney

General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

We affirmed the denial of defendant and appellant Sunny Hsiao Shin Ting's (defendant) petition for resentencing pursuant to Penal Code former section 1170.95 in *People v. Ting* (Dec. 22, 2021, B311125) (nonpub. opn.).[1] By order dated November 30, 2022, the California Supreme Court returned the case to this court with directions to vacate our decision dated December 22, 2021, and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).

In 2007, a jury convicted defendant of first degree murder and found true the felony-murder special circumstance alleged pursuant to section 190.2, subdivision (a)(17), as well as several firearm enhancement allegations.[2] Defendant was sentenced to prison for life without the possibility of parole, which we affirmed in *People v. Ting* (Sept. 15, 2009, B209911) (nonpub. opn.).

In 2021, defendant filed a petition for vacatur and resentencing under section 1172.6. The trial court denied defendant's facially sufficient petition at the prima facie stage without appointing counsel, based upon the jury's true finding under section 190.2, subdivision (a)(17), as well as the court's

---

[1] Effective June 30, 2022, Penal Code former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering only.

All further unattributed code sections are to the Penal Code unless otherwise stated.

[2] Defendant was also convicted of first degree robbery, but that count was reversed.

2

finding that the facts summarized in our appellate opinion supported the jury's finding and demonstrated that he was ineligible for relief under section 1172.6. We affirmed the denial on the grounds that the jury's special circumstance finding pursuant to section 190.2, subdivision (a)(17) made defendant ineligible as a matter of law for resentencing under section 1172.6. We further held that the jury's special circumstance finding could not be challenged in a section 1172.6 proceeding based upon factors clarified after his conviction in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). In addition, we conducted a substantial evidence review of the evidence relevant to *Banks* and *Clark* as summarized in our opinion affirming defendant's judgment, and we concluded that any error in denying the petition was harmless. We now reconsider that decision in light of *Strong, supra*, 13 Cal.5th 698.

## DISCUSSION

In *Strong*, our high court held that a true finding on a felony-murder special-circumstance allegation that predates *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522 does not preclude section 1172.6 relief as a matter of law. (*Strong, supra*, 13 Cal.5th at pp. 717-720.) Such a finding is premised on outdated legal standards, making *Banks* and *Clark* comparable to the kind of significant change in law traditionally found to warrant a reexamination of earlier litigated decisions, thus rendering the rule of collateral estoppel inapplicable.

(*Strong, supra*, at pp. 719-720.)[3] The court also held that an erroneously denied petition on that ground is not subject to a substantial evidence review for harmless error, as this would deny the defendant a determination beyond a reasonable doubt that the correct standards were met; and it would entail factfinding, which is prohibited at the prima facie stage. (*Strong*, at p. 720, citing *People v. Lewis* (2021) 11 Cal.5th 952, 972.)

In their supplemental brief addressing these issues, the People acknowledge that their previous arguments in *People v. Ting, supra*, B311125 were the same arguments presented to and rejected by the high court in *Strong, supra*, 13 Cal.5th 698. The People concede that the matter should be remanded for the trial court to issue an order to show cause and conduct an evidentiary hearing, after which the petition must be granted unless prosecution proves "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) We agree. Upon reconsideration of the cause in light of *Strong*, we conclude that the superior court erred in denying defendant's petition. We therefore remand the matter for the issuance of an order to show cause and further proceedings in accordance with section 1172.6, subdivision (d).

---

[3]     The court made clear that while its decision did not foreclose reexamination of all special circumstance findings, it also did not mean that all such findings should be open to relitigation. (*Strong, supra*, 13 Cal.5th at p. 714.)

## DISPOSITION

The opinion and decision filed in this case on December 22, 2021, is vacated and the denial of the section 1172.6 petition is reversed. The matter is remanded for further proceedings in accordance with section 1172.6, subdivisions (c) and (d).

_____
CHAVEZ, J.

We concur:


_____
ASHMANN-GERST, Acting P. J.


_____
HOFFSTADT, J.